UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 15-019-DCR |
| | ) | and |
| V. | ) | Civil Action No. 7: 21-038-DCR |
| | ) | |
| RANDALL CRAIG CARTER, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Randall Craig Carter filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2555 on April 5, 2021, nearly four years after his conviction for conspiring to distribute methamphetamine became final. Since motions under § 2255 are subject to a one-year statute of limitations, the Court directed Carter to show cause why his motion should not be dismissed as untimely. The motion will be denied because Carter has not identified appropriate grounds for excusing its untimeliness.

Carter contends that compliance with the limitations period should be excused because he is actually innocent of the sentencing enhancement that was applied in his case. Specifically, Carter contends that he was not convicted of a crime under 21 U.S.C. § 841(a) and, therefore, he was not eligible to receive a mandatory minimum sentence under 21 U.S.C. § 841(b)(1). He maintains that he was actually convicted of crimes under 21 U.S.C. §§ 846 and 843. This assertion is simply inaccurate.

On July 25, 2016, Carter pleaded guilty to conspiring to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846. [*See* Record Nos. 1, 210.]

The United States had previously provided notice pursuant to 21 U.S.C. § 851, indicating that, if convicted of the conspiracy offense, Carter would be subject to an enhanced statutory punishment under 21 U.S.C. § 841(b)(1) based on his prior felony drug conviction in Georgia. [Record No. 90] Carter acknowledged these circumstances in his plea agreement and during a thorough Rule 11 plea colloquy. And pursuant to the parties' plea agreement, the United States moved to dismiss during the sentencing hearing Count 9, which charged a violation of 21 U.S.C. § 843(b).

The Court must dismiss a § 2255 motion when it plainly appears that the movant is not entitled to relief. Rule 4 of the Rules Governing Section 2255. Because Carter's motion is barred by the statute of limitations, it will be dismissed.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court will deny a certificate of appealability. The defendant has not made a "substantial showing of the denial of a constitutional right." § 2253(c). The issues presented plainly lack merit and therefore are not adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Accordingly, it is hereby

**ORDERED** that Defendant Randall Craig Carter's motion to vacate [Record No. 303] is **DENIED**.

Dated: June 1, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky